# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 14-917V
(Filed: January 10, 2019)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| CHRIS POWERS, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| v. | * | Decision on Interim Attorneys' Fees and |
| | * | Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * | | |

*Ronald C. Homer, Esq.*, Conway, Homer, PC. Boston, MA, for petitioner.
*Althea W. Davis, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On September 29, 2014, Chris Powers ("Mr. Powers" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he suffers from Polymyalgia Rheumatica ("PMR)" and/or Rheumatoid Arthritis ("RA"), as a result of the influenza ("flu") vaccination he received on October 14, 2011. Petition, ECF No. 1.

An entitlement hearing was held on December 11-12, 2017. Order at 1, ECF No. 69. On August 13, 2018, petitioner filed a Motion for Interim Attorneys' Fees and Costs ("Motion for

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Interim Fees"), requesting $80,978.20 in attorneys' fees, $44,380.81 in attorneys' costs, and $717.79 in petitioner's costs, for a total of $126,076.80. ECF No. 88. Petitioner also filed a Statement Regarding General Order #9 on August 13, 2018. ECF No. 89. On August 27, 2018, respondent filed a response to petitioner's Motion for Interim Fees that contained no specific objection to the amount requested or hours billed, but instead asked that I exercise my discretion in determining the proper amount to be awarded. ECF No. 90. Petitioner did not file a reply to respondent's response.

## I. Procedural History

Petitioner filed his petition on September 29, 2014. ECF No. 1. This case was originally assigned to Special Master Hamilton-Fieldman but reassigned to me on January 14, 2016. *See* ECF Nos. 4, 33.

Petitioner filed medical records on October 2, 2014, and a Statement of Completion the following day. Petitioner's Exhibits ("Pet. Exs.") 1-18, ECF Nos. 6-9. On December 29, 2014, respondent filed his Rule 4(c) Report. ECF No. 14. A status conference was held on January 21, 2015, during which petitioner was ordered to file an expert report by March 25, 2015. *See* Order, ECF No. 16. After three Motions for Extension of Time (Motions, ECF Nos. 17, 21, 23) and a status conference regarding the delay in the filing of petitioner's expert report (Order, ECF No. 22), petitioner filed his expert report from Dr. Kristin Gowin and supporting medical literature on July 27, 2015. Pet. Ex. 20-21, ECF No. 25.

On July 28, 2015, respondent was ordered to file his responsive expert report by September 1, 2015. Non-PDF Order, dated July 28, 2015. After a request for an extension of time contained in a status report, (Resp. S.R., ECF No. 26), that was granted (Order, ECF No. 27), respondent filed his expert report from Dr. Mehrdad Matloubian and supporting medical literature on November 3, 2015. Resp. Exs. A-B, ECF Nos. 28-30.

A status conference was held on November 19, 2015, after which petitioner was ordered to file a supplemental expert report in response to Dr. Matloubian's report. Order, ECF No. 31. Petitioner filed a supplemental expert report from Dr. Gowin and supporting medical literature on February 5, 2016. *See* Pet. Exs. 22-24, ECF No. 35. Respondent filed a responsive expert report from Dr Matloubian on May 4, 2016. Resp. Exs. C1-12, ECF Nos. 38-39.

On June 30, 2016, a status conference was held during which it was determined that additional expert reports were necessary. Order at 1, ECF No. 41. Petitioner was ordered to file a responsive expert report by August 1, 2016, and a joint status report identifying potential entitlement hearing dates by August 29, 2016. *Id*. Petitioner filed a joint status report on August 29, 2016, indicating the parties were available for a two-day entitlement hearing on October 2-3, 2017, and on October 16-17, 2017. Joint Status Report ("J.S.R.") at 1, ECF No. 43. That same day, an entitlement hearing was scheduled for October 2-3, 2017 in Washington, D.C. Pre-Hearing Order at 1, ECF No. 44.

After three Motions for Extension of Time (Motions, ECF Nos. 42, 45-46), which were granted, petitioner filed an expert report from Dr. Michael Gurish with accompanying medical

literature on October 13, 2016. Pet. Ex. 25, ECF No. 47. Petitioner filed additional medical records on February 8, 2017. Pet. Exs. 26-32, ECF No. 49.

On July 21, 2017, petitioner's counsel called my Chambers to ask about rescheduling the entitlement hearing that was currently scheduled for October 2-3, 2017. Informal Communication, dated July 21, 2017. On August 7, 2017, the entitlement hearing was rescheduled for December 11-12, 2017, in Washington, D.C. Pre-Hearing Order at 1, ECF No. 50. The pre-hearing status conference was set for December 5, 2017. *Id.* Petitioner filed additional medical records on October 13, 2017. Pet. Exs. 33-40, ECF No. 51.

On October 16, 2017, petitioner filed his pre-hearing brief. Pre-Hearing Submission, ECF No. 53. Respondent filed his pre-hearing brief along with supplemental literature on November 6, 2017. *See* ECF Nos. 55-56. On November 9, 2017, respondent filed his pre-hearing brief and medical literature. Pre-Hearing Submission, ECF No. 58; Resp. Exs. D-J, ECF No. 59. Petitioner filed a response to respondent's pre-hearing brief on November 20, 2017. Response, ECF No. 60. The parties filed a Glossary of Relevant Terms and joint pre-hearing submission on December 4, 2017. ECF Nos. 62-63. A pre-hearing status conference was held on December 5, 2017, during which the details of the hearing were discussed. Order at 1, ECF No. 64.

An entitlement hearing was held on December 11-12, 2017. Order at 1, ECF No. 69. Dr. Gowin and Dr. Gurish testified on behalf of petitioner and Dr. Matloubian testified on behalf of respondent. *Id.* Petitioner's co-counsel, Joseph Pepper, appeared via video conference from California, along with petitioner, Chris Powers, and his wife, Vivian Powers, who also testified at the hearing. *Id.* At the conclusion of the hearing, petitioner was ordered to file all pharmacy records from 2010 through 2012, all rheumatology records since March 2017, and all records related to petitioner's November 2017 back surgery by March 12, 2018. *Id.* Respondent was ordered to file an article referenced by Dr. Matloubian during the hearing that discussed the effect trauma has on the autoimmune system by March 12, 2018. *Id.*

Petitioner filed some of the requested medical records on February 27, 2018, and March 8, 2018. *See* Pet. Exs. 45-50, ECF Nos. 74, 77. On March 12, 2018, petitioner filed a status report advising he needed additional time to obtain the remaining outstanding medical records. Pet. S.R. at 1, ECF No. 79. Petitioner was ordered to file all outstanding records, along with a status report advising that the record was complete, by April 16, 2018. Order at 1, ECF No. 80. On March 14, 2018, petitioner filed the outstanding records and a status report advising that the record was complete. *See* Pet. Ex. 51, ECF No. 81; Pet. S.R. at 1, ECF No. 83. The parties were ordered to file their post-hearing briefs by May 14, 2018. Non-PDF Order, dated March 14, 2018. After two Motions for Extension of Time, one filed by each party (Motions, ECF No. 84-85), which were both granted, petitioner and respondent filed their post-hearing briefs on June 20, 2018. *See* ECF Nos. 86-87.

Petitioner filed a Motion for Interim Attorneys' Fees and Costs and a General Order #9 on August 13, 2018. ECF Nos. 88-89. Respondent filed a response to petitioner's motion on August 27, 2018. ECF No. 90. Petitioner did not file a reply to respondent's response.

This matter is now ripe for determination.

## II. Legal Framework

The Vaccine Act permits an award of reasonable attorneys' fees and other costs. § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, petitioner's counsel is automatically entitled to reasonable attorneys' fees. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Moreover, special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Humans Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010); *see Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). One instance in which interim fees have been awarded is "where proceedings are protracted." *Avera*, 515 F.3d at 1352.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera*, 515 F.3d at 1349. Under this approach, [t]he initial estimate of reasonable attorneys' fees is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). This rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez* v. *Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a limited exception that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall* v. *Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (Fed. Cir. 2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist.* v. *U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)). For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch* v. *Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has issued a fee schedule that updates the *McCulloch* rates to account for inflation in subsequent years.[3]

Once the applicable hourly rate is determined, it is applied to the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. The application for fees and costs must "sufficiently detail and explain the time billed so that a special master may determine . . . whether the amount requested is reasonable," and an award of attorneys' fees may be reduced for "vagueness" in billing. *J.W. ex rel. Wilson* v. *Sec'y of Health & Human Servs.*, No. 15-1551V,

---

[3] This fee schedule is posted on the court's website.  *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2018*, http://www.uscfc.uscourts.gov/node/2914.

2017 WL 877278, at *4 (Fed. Cl. Spec. Mstr. Feb. 10, 2017). Moreover, counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton* v. *Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley* v. *Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo* v. *Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016).

Furthermore, some tasks are generally compensated at a reduced rate. Attorneys who perform non-attorney-level work are compensated at a rate comparable to what would be paid to a paralegal. *See O'Neill* v. *Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott* v. *Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). Finally, some tasks are never compensable. For instance, "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews* v. *Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Additionally, clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Non-compensable clerical and secretarial tasks include making travel arrangements, reviewing and paying invoices, setting up meetings, organizing files, scheduling conference calls, and reviewing files for consistency. *J.W.*, 2017 WL 877278, at *3; *Barry v. Sec'y of Health & Human Servs.*, No. 12-039V, 2016 WL 6835542, at *4 (Fed. Cl. Spec. Mstr. Oct. 25, 2016).

It is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen* v. *Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming special master's reduction of attorney and paralegal hours); *Guy* v. *Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same). Ultimately, special masters have substantial discretion in awarding fees and costs, and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella* v. *Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen*, 102 Fed. Cl. at 729.

### III. Discussion

#### A.    Availability of Interim Fees

The court in *Avera* held that interim fees may be awarded "in appropriate circumstances." 515 F.3d at 1351. The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be particularly appropriate to award interim fees. *Id.* at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods*, 105 Fed. Cl. at

154, and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). The inquiry is simply whether there is "a good faith basis for the claim" and the denial of interim fees would "impose[] an undue hardship" in the circumstances of the case. *Shaw*, 609 F.3d at 1375. In making this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 86, 94 (2016).

Under the circumstances of this case, interim fees are warranted. This case has been pending for four years, which ordinarily "suffice[s] to constitute the type of 'circumstances' to warrant an interim fee award." *Woods*, 105 Fed. Cl. at 154; *see also, e.g.*, *Thompson v. Sec'y of Health & Human Servs.*, No. 12-475V, 2018 WL 1559799, at *1 (Fed. Cl. Spec. Mstr. Feb. 28, 2018) ("[I]nterim attorneys' fees and costs are appropriate because waiting for the conclusion of the case would place an undue hardship in petitioner"); *Kottenstette v. Sec'y of Health & Human Servs.*, No. 15-1016V, 2017 WL 5662780, at *3 (Fed. Cl. Spec. Mstr. Oct. 30, 2017) (finding two-year proceeding constituted appropriate circumstances for interim fees). Respondent does not dispute that there is "a good faith basis for [petitioner's] claim." *Shaw*, 609 F.3d at 1375; *see Sharp-Rountree*, 2015 WL 12600336, at *3 (explaining that "petitioners are entitled to a presumption of good faith absent direct evidence of bad faith" and finding a good faith basis when respondent "declined to challenge [it]"). Petitioner has expended significant funds on experts and a hearing in this case and with the current case load, it is uncertain as to when the entitlement ruling will be issued. In sum, the circumstances of this case warrant an award of interim fees and costs, so as not to impose economic hardship on petitioner.

## IV. Discussion

### A.   Reasonable Rates and Time

Petitioner requests $80,978.20 in attorneys' fees. ECF No. 88. The requested hourly rates are consistent with the rates previously found to be reasonable in cases involving petitioner's counsel and his law firm. *See e.g.*, *Faup v. Sec'y of Health & Human Servs.*, No. 15-42V, 2018 WL 343317, at *2 (Fed. Cl. Spec. Mstr. May 30, 2018); *Stepp v. Sec'y of Health & Human Servs.*, No. 14-851V, 201 WL 793426, at *2 (Fed. Cl. Spec. Mstr. Jan. 2, 2018). Moreover, the number of hours expended in this case by petitioner's counsel appear to be reasonable. Therefore, I award the requested attorneys' fees.

### B.   Reasonable Costs

Petitioner requests a total of $44,380.81 in attorneys' costs and $717.79 in petitioner's costs. ECF No. 88. The requested costs consist of securing medical records and expert fees. Considering the in-depth analysis provided by petitioner's experts, I find the requested attorneys' and petitioner's costs to be reasonable.

## V. Total Award Summary

Based on the foregoing, petitioner's Motion for Interim Attorneys' Fees and Costs is **GRANTED**. Accordingly, I award **$126,076.80,**[4] representing $80,978.20 in attorneys' fees, $44,380.81 in attorneys' costs, and $717.79 in petitioner's costs in the form of a check payable jointly to **petitioner and petitioner's counsel, Ronald Homer, Esq.** The clerk shall enter judgment accordingly.[5]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special master

---

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See Beck* v. *Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.